IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY TERRELL TURNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 2:20-CV-1051-MHT-KFP ) |
| LYNN BRIGHT, | ) ) |
| Defendant. | ) ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

This 42 U.S.C. § 1983 action was filed by Larry Terrell Turner ("Turner"), an indigent inmate confined in the Elmore County Jail pursuant to an order entered on December 9, 2020, by Judge Lynn Bright of the Municipal Court for Millbrook, Alabama.[1] Turner challenges the constitutionality of his imprisonment, arguing specifically that his imprisonment for non-payment of fines, court costs, and restitution is improper because he suffers from a mental health condition and has no source of income. Doc. 1 at 2–3. He seeks release from confinement and monetary damages. *Id.* at 4. Upon a thorough review of the Complaint, the undersigned finds this case is due to be dismissed prior to service of process in accordance with 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).[2]

---

[1] Judge Bright ordered that Turner be incarcerated on various municipal cases for failure to pay the assessed fines, costs, and restitution. *See* Doc. 1-1.

[2] This Court granted Turner leave to proceed in forma pauperis. A prisoner granted in forma pauperis status must have his complaint screened under 28 U.S.C. § 1915(e)(2)(B), which requires a court to dismiss a complaint prior to service of process if the claims are frivolous or malicious, fail to state a claim upon which

## II. DISCUSSION

### A. Claims Against Judge Lynn Bright

Turner alleges Judge Bright's order resulted in his unconstitutional detention on various municipal charges. Doc. 1 at 2–3; Doc. 1-1. He argues his confinement is not warranted because he made a partial payment to the court on December 8, 2020, and because his current medical and mental health conditions prevent him from obtaining employment to make any greater payment. Doc. 1 at 3.

The claims against Judge Bright provide no basis for relief because she is entitled to judicial immunity. "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (internal citation omitted). "Judges are entitled to absolute immunity from suits for acts performed while they are acting in their judicial capacity unless they acted in complete absence of all jurisdiction." *Allen v. Florida*, F. App'x 841, 843 (11th Cir. 2012). "A judge will not be deprived of immunity because the action [she] took was in error, was done maliciously, or was in excess of [her] authority; rather, [she] will be subject to liability only when [she] has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (internal quotation marks and citation omitted); *Mireles*, 502 U.S. at 11 (holding that "[j]udicial immunity is not overcome by allegations of bad faith or malice"); *Allen*, 458 F. App'x at 843 (same). "[T]he relevant inquiry is the nature and function of the act, not the

---

relief may be granted, or seek monetary damages from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

2

act itself." *Mireles*, 502 U.S. at 12 (internal quotation marks and citation omitted). "This immunity applies to proceedings under 42 U.S.C. § 1983." *Wahl v. McIver*, 773 F.2d 1169, 1172 (5th Cir. 1981).

The allegations against Judge Bright emanate from actions taken in her judicial capacity during municipal court proceedings over which she had jurisdiction. Therefore, Judge Bright is absolutely immune from civil liability for those actions. *Hyland v. Kolhage*, 267 F. App'x 836, 840–41 (11th Cir. 2008) (holding that because the judge's "actions were taken within his judicial capacity and he did not act in the absence of all jurisdiction [in altering minutes of a sentencing hearing after completion of such hearing], he was entitled to absolute judicial immunity"); *Stump*, 435 U.S. at 356 (holding that where judge was not acting in the "clear absence of all jurisdiction" she was entitled to immunity even if plaintiff alleges her actions were erroneous, malicious, or without authority). Consequently, the claims against Judge Bright are "based on an indisputably meritless legal theory" for which she is entitled to absolute judicial immunity, and the Complaint against her fails to state a claim on which relief may be granted. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). The claims against Judge Bright are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

To the extent the Complaint challenges an order issued by Judge Bright that is not yet final, Turner is entitled to no relief because he has an adequate remedy at law to address his claims. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional]

violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."). Turner may appeal any non-final order issued or action taken by the municipal court to the appropriate higher state court, i.e., the Circuit Court of Elmore County, Alabama. Because state law provides an adequate remedy for Turner to challenge non-final orders, he is "not entitled to declaratory or injunctive relief in this case." *Id*. at 1243. Thus, any claim challenging a non-final order or action by Judge Bright in the municipal proceedings is subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court further finds that, insofar as Turner seeks declaratory or injunctive relief from an order issued by Judge Bright in December of 2020 that may have since become final, this Court lacks jurisdiction to render judgment in this § 1983 action. "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Although *Rooker-Feldman* is a narrow doctrine, it remains applicable to bar any claim inviting review and rejection of a final order issued by a municipal court before this case commenced. *Lance*, 546 U.S. at 464. Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (holding that § 1983 suit arising from state court decision was

4

merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

For these reasons, 28 U.S.C. § 1915(e)(2)(B)(ii) requires summary dismissal of any request seeking declaratory or injunctive relief from Judge Bright's order. *See Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, 490 U.S. at 327.

### B.   Challenges to Confinement

Turner also challenges the constitutionality of his incarceration and claims that his personal circumstances do not warrant the term of incarceration imposed on him. Doc. 1 at 2–3. Turner is entitled to no relief on these claims. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that claims challenging the legality of a prisoner's incarceration are not cognizable in a § 1983 action "unless and until the conviction or sentence [or other basis for his incarceration] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus," and complaints containing such claims must be dismissed. *Heck*, 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence [or other order of incarceration.]" *Id.* at 487; *see also Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief or monetary damages that "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under §

1983"). Therefore, the rule of *Heck* is not limited to a request for damages but applies equally to an inmate's request for declaratory judgment or injunctive relief. *Balisok*, *supra*. "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction [or sentence]; if he makes allegations that are inconsistent with the [action] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (citing *Balisok*, 520 U.S. at 646–48).

The law directs that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481. The "sole remedy in federal court" for a prisoner challenging the constitutionality of incarceration by a state court is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645; *Okoro*, 324 F.3d at 490 (noting *Heck* directs that a state inmate "making a collateral attack on the conviction . . . may not do that in a civil suit, other than a suit under the habeas corpus statute"). An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F. Supp. 1143, 1151 (N.D. Ill. 1996). Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge." *Miller v. Indiana Dep't of Corr.*, 75 F.3d 330, 331 (7th Cir. 1996); *Cook v. Baker,* 139 F. App'x 167, 169 (11th Cir. 2005) (holding that the "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254"). The Supreme Court emphasized "that a claim either is cognizable under

§ 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649. "[I]n *Wilkinson v. Dotson,* 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), the Supreme Court reviewed its prior holdings in this area and summarized that 'a state prisoner's § 1983 action is barred (absent previous invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.'" *Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007).

Under the circumstances of this case, *Heck* and its progeny bar Turner's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of his incarceration imposed by the Millbrook Municipal Court. *Heck*, 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Hence, the claims presented by Turner that go to the fundamental legality of his incarceration for

various municipal offenses are not cognizable and are subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against Judge Lynn Bright be dismissed with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

2. Plaintiff's claims regarding the legality of his incarceration be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further ORDERED that on or before **January 13, 2021**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District

---

[3]Turner is advised that any federal habeas petition he files will be subject to the procedural limitations imposed on those petitions, in particular, the exhaustion of state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State [or municipal] court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State[.]").

Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 30th day of December, 2020.

                                      /s/ Kelly Fitzgerald Pate
                                      KELLY FITZGERALD PATE
                                      UNITED STATES MAGISTRATE JUDGE